**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-2312**

———————

MAURIN NECK MBA AKHU, a/k/a Maurin Awa Che,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals. (A96-277-136)

———————

Submitted: June 21, 2006          Decided: September 11, 2006

———————

Before WILKINSON, WILLIAMS, and KING, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Danielle L.C. Beach-Oswald, NOTO & OSWALD, PC, Washington, D.C., for Petitioner. Rod J. Rosenstein, United States Attorney, Philip S. Jackson, Assistant United States Attorney, Baltimore, Maryland, for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Maurin Neck Mba Akhu, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") adopting and affirming the immigration judge's decision denying asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). Akhu contends the evidence did not support the negative credibility finding. She further contends she was denied a fair opportunity to present her case because the immigration judge ordered several continuances. Akhu also contends she was entitled to withholding from removal and withholding under the CAT. We deny the petition for review.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). It defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). An applicant can establish refugee status based on past persecution in her native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2005). "An applicant who demonstrates that [s]he was the subject of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004) (alteration added). To establish eligibility for withholding of removal, an alien must show a clear

probability that, if she was removed to her native country, her "life or freedom would be threatened" on a protected ground. 8 U.S.C. § 1231(b)(3)(A) (2000); see Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004). An applicant has the burden of demonstrating her eligibility for asylum. 8 C.F.R. § 1208.13(a) (2005); Gonahasa v. INS, 181 F.3d 538, 541 (4th Cir. 1999). Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara, 378 F.3d 361, 367 (4th Cir. 2004).

A determination regarding eligibility for asylum or withholding of removal is conclusive if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2000). This court will reverse the Board "only if 'the evidence presented by the petitioner was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting

- 3 -

Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992) (internal quotation marks omitted)).

We find substantial evidence supports the Board's finding that there was enough evidence supporting the immigration judge's negative credibility finding. Accordingly, the evidence does not compel a different result with respect to Akhu's application for asylum.

We further find Akhu was not denied a fair opportunity to present her case. Akhu agreed to the continuances. Nor did Akhu attempt to have Chief Taku testify when he was present.

"Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) (alteration added). Accordingly, Akhu was properly denied withholding from removal.

To obtain relief under the CAT, an applicant must establish "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2005). Akhu failed to make such a showing.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>